UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH STEVEN DAYWITT, JOSEPH FRANCIOSA THOMAS, KENNETH GERNARD PARKS, CLARENCE ANTONIA WASHINGTON, RICO TREMAINE GAMBLE, and JAMIE ALLEN ANDREWS, | Case No. 23-CV-2110 (PJS/JFD) |
| Plaintiffs, | |
| v. | ORDER |
| JODI HARPSTEAD, Commissioner MN DHS; NANCY JOHNSTON, MSOP Executive Director; JANNINE HÉBERT, MSOP Executive Clinical Director; DR. LAUREN HERBERT, MSOP Risk Assessment Director; JOHN DOES; and JANE DOES, sued in their individual and official capacities, | |
| Defendants. | |

Kenneth Steven Daywitt, Joseph Franciosa Thomas, Kenneth Gernard Parks, Clarence Antonia Washington, Rico Tremaine Gamble, and Jamie Allen Andrews, pro se.

Drew D. Bredeson, MINNESOTA ATTORNEY GENERAL'S OFFICE, for named defendants.

Plaintiffs are individuals who are civilly committed to the Minnesota Sex Offender Program ("MSOP"). They brought this action against various state officials,

alleging "violations of their [federal and Minnesota] constitutional, statutory and common law rights."  ECF No. 1 ¶ 3.[1]

This matter is before the Court on plaintiffs' objection to the July 24, 2024, Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty. Judge Docherty recommends that the Court grant defendants' motion to dismiss plaintiffs' claims.[2]  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court agrees that the complaint should be dismissed, although the Court's analysis differs from Judge Docherty's in one respect.

Plaintiffs's claims can be grouped into two categories: (1) claims seeking release from confinement ("release claims") and (2) all other claims ("non-release claims"). Judge Docherty found that all of plaintiffs' claims were or could have been litigated in *Karsjens v. Jesson*, No. 11-CV-3659 (DWF/TNL) (D. Minn. 2015) ("*Karsjens*"), and therefore that the claims are barred by the doctrine of res judicata.  The Court agrees with Judge Docherty as to the non-release claims, but not as to the release claims.

---

[1]Plaintiffs' Count III is brought expressly under 42 U.S.C. § 1983.  ECF No. 1 ¶ 137.  For purposes of this order, the Court will treat all three counts as if they were brought under § 1983.

[2]Judge Docherty also recommends that the Court dismiss the John and Jane Doe defendants without prejudice pursuant to Fed. R. Civ. P. 4(m) and grant the motion to withdraw of plaintiff Clarence Antonia Washington.  No party objects to those recommendations, and the Court adopts them.

Throughout their complaint and in their briefs, plaintiffs emphasize that they are alleging that their commitments are unconstitutional because plaintiffs do not have current, statutorily qualifying, sexual-disorder diagnoses.  *See generally* ECF No. 1; *see also* ECF No. 26 at 1–2, 6, 9, 11; ECF No. 35 at 2.  The R&R, relying on filings in *Karsjens*,[3] observes that the *Karsjens* plaintiffs "claimed that clients without a diagnosed sexual disorder were subject to continuing, unconstitutional commitment[]" at MSOP.  ECF No. 34 at 13 (citing *Karsjens*, No. 11-CV-3659, ECF No. 914).  Thus, the R&R reasons, plaintiffs could have pursued their release claims in *Karsjen*, meaning that those claims are now barred by res judicata.  *Id.* at 13–14.

The Court respectfully disagrees.  The operative complaint in *Karsjens* was filed on behalf of a Rule 23(b)(2) class and alleged broad-based, systemic failures at MSOP.  *See generally Karsjens*, No. 11-CV-3659, ECF No. 635.  For example, the class alleged that "if a Plaintiff or Class member no longer meets the statutory requirements for civil commitment, there is no less restrictive facility or program for them to enter."  *Id.* ¶ 288.  But it does not appear that a claim of unconstitutional commitment that was grounded in facts specific to a particular class member could have been litigated in *Karsjens*.  Indeed, a class member attempted to litigate such a claim, and Judge Frank declined to address it, explaining that the claim arose out of discrete, individualized factual

_____

[3] The Court agrees with the R&R's finding that each plaintiff was a class member or in privity with a class member in the *Karsjens* action.

allegations and therefore was not "incidental to class-wide issues."  *Karsjens*, No. 11-CV-

3659, ECF No. 580 at 27–28 (citation omitted).

In this case, each plaintiff asserts a release claim based on factual allegations that

are specific to the particular plaintiff.  *See generally* ECF No. 1.  In light of Judge Frank's

refusal to address a similar claim in *Karsjens*, the Court cannot conclude that the release

claims brought by plaintiffs in this action were or could have been litigated in *Karsjens*.

The Court therefore finds that the claims are not barred by res judicata.[4]  *See Allen v.*

*McCurry*, 449 U.S. 90, 94 (1980) ("Under *res judicata*, a final judgment on the merits of an

action precludes the parties or their privies from relitigating issues that were or could

have been raised in that action.").

That said, plaintiffs' release claims must be dismissed for a different reason.  It is

clear that, in pursuing these claims, plaintiffs seek (among other things) to be released

from custody (hence the label "release claims").  *See* ECF No. 26 at 6; ECF No. 35 at 2.

But such relief cannot be granted in a § 1983 action; such relief can be sought only in a

habeas action and only after exhausting available state remedies.[5]  *See Preiser v.*

---

[4]Defendants appear to agree with the Court.  In their reply brief, defendants expressly declined to argue that plaintiffs' release claims are barred by res judicata: "To the extent that [p]laintiffs claim that they are individually entitled to discharge from civil commitment, [defendants] do not assert that that claim is barred by claim preclusion."  ECF No. 33 at 6 n.5.

[5] The Court notes that this defense was raised by defendants in their briefing.  *See*
(continued...)

*Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact

or duration of his physical imprisonment, and the relief he seeks is a determination that

he is entitled to immediate release or a speedier release from that imprisonment, his

sole federal remedy is a writ of habeas corpus . . . ."); *Carter v. Bickhaus*, 142 F. App'x

937, 938 (8th Cir. 2005) (per curiam) (applying *Preiser* and holding that civilly-

committed complainant requesting release may not pursue such relief under § 1983 but

instead must seek such relief in habeas-corpus petition after exhaustion of state

remedies).

The Court therefore dismisses plaintiffs' release claims without prejudice.  *See*

*Carter*, 142 F. App'x at 938 (modifying district court's dismissal to be without prejudice

where civilly committed pro se claimant improperly sought release under § 1983).  If the

plaintiffs wish to pursue those claims, they must first exhaust their administrative

remedies, and then bring their claims in a habeas action.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES plaintiffs' objection [ECF No. 35] and ADOPTS the

July 24, 2024, R&R [ECF No. 34], insofar as it consistent with this order.  IT IS HEREBY

ORDERED THAT:

---

[5](...continued)
ECF No. 19 at 17 n.9; ECF No. 33 at 6 n.5.

1.      The motion to dismiss of defendants Jodi Harpstead, Nancy Johnston, Jannine Hébert, and Lauren Herbert [ECF No. 17] is GRANTED.

2.      Plaintiff Clarence Antonia Washington's motion to withdraw without prejudice [ECF No. 25] is GRANTED.  Washington's claims are DISMISSED WITHOUT PREJUDICE.

3.      With respect to the named defendants, the remaining plaintiffs' claims are DISMISSED as follows:

   a.      Plaintiffs' non-release claims are DISMISSED WITH PREJUDICE.

   b.      Plaintiffs' release claims are DISMISSED WITHOUT PREJUDICE.

4.      With respect to the John Doe and Jane Doe defendants, the remaining plaintiffs' claims are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 27, 2024                     s/Patrick J. Schiltz
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court